```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X   NOT FOR PUBLICATION
WILLIE SUMPTER,

                    Petitioner,                               MEMORANDUM
                                                              AND ORDER
              -against-
                                                              09-CV-00689 (KAM)
NEW YORK STATE SUPREME COURT,
QUEENS COUNTY,

                    Respondent.
-----------------------------------------------------------X
```

MATSUMOTO, United States District Judge:

Petitioner Willie Sumpter, appearing *pro se*, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court has conducted an initial consideration of this petition and, for the reasons set forth below, determined that the petition appears to be time-barred by the one year statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The Court directs petitioner to show cause within 30 days of the entry of this Memorandum and Order why the petition should not be dismissed as time-barred.

## I. Background

On October 2, 2003, petitioner was convicted of robbery in the second degree and menacing in the second degree upon a jury verdict, before the New York Supreme Court, Queens County. He was sentenced to concurrent terms of three and one half years imprisonment and one year imprisonment. (See Petition, Unmarked Exhibit, Sentence and Commitment dated Oct. 2,

---

[1] The petition, dated August 19, 2008, was originally filed in the United States District Court for the Southern District of New York on September 8, 2008. The petition was thereafter transferred to this Court, where it was received on February 5, 2009.

2003.) On March 14, 2006, the Appellate Division, Second Department affirmed the conviction. People v. Sumpter, 27 A.D.3d 590 (2d Dep't 2006). The New York Court of Appeals denied leave to appeal on July 14, 2006. People v. Sumpter, 7 N.Y.3d 795 (N.Y. 2006). Petitioner did not file a writ of certiorari to the United States Supreme Court. (See Petition at 4.)

## II. Discussion

With the passage of AEDPA on April 24, 1996, Congress set a one-year statute of limitations for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to a state court conviction. 28 U.S.C. § 2244(d)(1). The one-year statute of limitations period begins running from the date on which one of the following four events occurs, whichever is latest:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). Because petitioner states no facts indicating that subsections (B)-(D) apply, the court examines subsection (A). Under 28 U.S.C. § 2244(d)(1)(A), the instant petition appears untimely. Petitioner's conviction became final on or about October 12, 2006, after he had exhausted his state appeals and the 90-day period for seeking a writ of certiorari

2

from the United States Supreme Court had expired. Lawrence v. Florida, 549 U.S. 327, 333 (2007); Williams v. Artuz, 237 F.3d 147, 150-51 (2d Cir.), cert. denied, 534 U.S. 924 (2001). In order to be timely, this petition should have been filed in federal court on or before October 12, 2007. Even applying the prison mailbox rule, under which a prisoner's petition is deemed to have been filed on the date the prisoner delivered the petition to the prison mail service for mailing, and liberally construing this petition as filed on August 19, 2008, it was filed over ten months after the one year limitations period had already expired. Thus, the petition is barred by 28 U.S.C. § 2244(d), unless tolling of the statute of limitations is applicable.

## **Tolling**

A.  Statutory Tolling

In calculating the one-year statute of limitations period, "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted." 28 U.S.C. § 2244(d)(2). The post-conviction proceeding, however, does not start the one-year period to run anew. Section 2244(d)(2) merely excludes the time a post-conviction motion is under submission from the calculation of the one-year period of limitation. Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir.) (*per curiam*), cert. denied, 531 U.S. 840 (2000). Petitioner filed a post-conviction motion under New York C.P.L. § 440.10 ("440 motion"), but he does not provide any dates related to this motion. (Petition at 7.) Therefore, the Court cannot determine how much time can be tolled and whether the petition is timely-filed under the statutory tolling provision.

B.  Equitable Tolling

The limitations period may also be equitably tolled if petitioner can demonstrate that (i) "extraordinary circumstances prevented him from filing his petition on time," Smith, 208 F.3d

at 17, and (ii) he "acted with reasonable diligence throughout the period he seeks to toll." Id.; see also Lawrence, 127 S.Ct. at 1085 (assuming without deciding that equitable tolling is available if petitioner can show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.") (citation omitted). The information contained in the petition does not provide any basis for equitable tolling.

### III. Conclusion

Accordingly, the Court directs petitioner to show cause by written affirmation within 30 days from entry of this Memorandum and Order, why the petition should not be dismissed as time-barred by the AEDPA's one year statute of limitations. Day v. McDonough, 547 U.S.198, 210 (2006); Acosta v. Artuz, 221 F.3d 117, 124 (2d Cir. 2000). An appropriate affirmation form is attached to this Order. The affirmation must be signed and dated. Petitioner must provide the date and details of each post-conviction motion filed, including the date he filed an appeal or motion for other collateral review and the date of the decision on the appeal or motion for collateral review.

The respondent shall not be required to answer the petition at this time, and all further proceedings shall be stayed for 30 days or until petitioner has complied with this Order. Petitioner is also advised that the New York State Supreme Court is not the proper respondent for a petition brought pursuant to 28 U.S.C. § 2254. Petitioner must name as respondent the Superintendent or Warden of the prison where he is currently confined.

The Clerk of Court is directed to mail a copy of this Order to the address listed on the docket sheet and also to the address listed on the New York State Department of Correctional Services, Inmate Information website (http://nysdocslookup.docs.state.ny.us): Willie Sumpter, 03R5377, Ulster Correctional Facility, 750 Berme Road, P.O. Box 800, Napanoch NY 12458-0800. Petitioner must notify this Court in writing of his current address. If petitioner fails to comply with this Order within the time allowed, the instant petition shall be dismissed as time-barred under 28 U.S.C. § 2244(d).

SO ORDERED.

Dated: Brooklyn, New York
March 17, 2009

KIYO A. MATSUMOTO
United States District Judge

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

WILLIE SUMPTER,

                Petitioner,                              **PETITIONER'S**
                                                                        **AFFIRMATION**

    -against-

                                                                    **09-CV-00689 (KAM)**
_____, SUPERINTENDENT,

                Respondent.

------------------------------------------------------------------------X

WILLIE SUMPTER, appearing *pro se*, makes the following affirmation under the penalties of perjury: I am the petitioner in this action and I respectfully submit this affirmation in response to the Court's Order dated _____. The instant petition should not be time-barred by the one-year period of limitation because _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

[YOU MAY ATTACH ADDITIONAL PAGES, IF NECESSARY]

In view of the foregoing, it is respectfully submitted that the instant petition should be permitted to proceed.

DATED: _____

_____
Signature & Identification Number

_____
Address

_____
City, State & Zip Code