UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------X
WILLIE SUMPTER,

                    Petitioner,

  - against -

SUPERINTENDENT L. SEARS,
Ogdensburg Correctional Facility,

                    Respondent.
-----------------------------------X

FOR ELECTRONIC
PUBLICATION ONLY

**MEMORANDUM & ORDER**

09-CV-00689 (KAM)

**MATSUMOTO, United States District Judge:**

      Presently before the court is petitioner Willie Sumpter's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 3-1, Petition ("Pet.").) Respondent moves to dismiss the petition on the ground that it is time-barred. (ECF No. 12, Notice of Motion to Dismiss the Petition for a Writ of Habeas Corpus; ECF No. 13, Memorandum of Law in Support of the Motion to Dismiss the Petition for a Writ of Habeas Corpus ("Resp. Mem.").) For the reasons set forth below, the petition for a writ of habeas corpus is dismissed in its entirety as time-barred.

## **BACKGROUND**

      On August 19, 2008, petitioner filed[1] the instant

---

[1] With respect to *pro se* and incarcerated habeas petitioners, a petition is deemed filed on the date it is given to correctional authorities for mailing to the court. *See Houston v. Lack*, 487 U.S. 266, 270 (1988); *Noble v. Kelly*, 246 F.3d 93, 97-98 (2d Cir. 2001). Here, although the petition indicates that it was not filed with the court until February 5,

petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (*See generally* ECF No. 3-1, Pet.) The petition arises from petitioner's conviction, after a jury trial in New York Supreme Court, Queens County, of Robbery in the Second Degree, in violation of New York Penal Law § 160.10(2)(b), and Menacing in the Second Degree, in violation of New York Penal Law § 120.14(1). (ECF No. 14, Declaration in Support of Motion to Dismiss the Petition for Writ of Habeas Corpus ("Lyons Decl.") at ¶ 2.)[2] On October 2, 2003, petitioner was sentenced to three-and-a-half years in custody and five years of post release supervision. (*Id.,* Ex. C, at 12.)

Petitioner, through counsel, appealed his conviction to the Appellate Division, Second Department, arguing that his due process rights were violated because: (1) the identification line-up was composed of "fillers" who were appreciably different in appearance from petitioner; and (2) a police witness improperly bolstered an eyewitness's identification of

---

2009, the petition is deemed filed as of August 19, 2008, the date on which the petition was placed in the prison mailing system. (*See* ECF No. 3-1, Pet., at 15.)

[2] In assessing whether a § 2254 petition states a claim for relief, district courts may properly consider the face of the petition and any attached exhibits. *See* Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts ("[I]f it plainly appears from the petition *and any attached exhibits* that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . .") (emphasis added); *see also Artis v. Huliahn,* No. 09 Civ. 9893, 2010 U.S. Dist. LEXIS 121488, *2 (S.D.N.Y. Nov. 12, 2010) (considering, *inter alia,* transcripts of petitioner's plea allocution and sentencing presented to the court as attachments to memoranda in support of and in opposition to habeas corpus petition).

petitioner. (*See generally id.,* Ex. D.) Petitioner also filed a *pro se* appeal with the Appellate Division, Second Department, arguing, *inter alia,* that his trial counsel provided ineffective assistance of counsel. (*See generally id.,* Ex. E.) The Appellate Division unanimously affirmed the conviction on March 14, 2006, finding that "[t]here is no requirement that a defendant in a lineup be surrounded by individuals who are nearly identical to him in appearance." (*Id.,* Ex. I, at 1.) The Appellate Division further held that "[i]nsofar as we are able to review the defendant's claim of ineffective assistance of counsel, the defense counsel provided meaningful representation.") (*Id.,* Ex. I, at 2.) Petitioner applied to the New York Court of Appeals for leave to appeal. (*See generally id.,* Ex. J.) The People opposed the application, (*see generally id.,* Ex. K.), and leave was denied on July 14, 2006, (*see generally id.,* Ex. L).

Subsequently, petitioner filed *pro se* motions under C.P.L. §§ 440.10 and 440.20 to vacate the judgment of conviction and sentence, arguing that his sentence was excessive and that his trial and appellate counsel were ineffective. (*See generally id.,* Exs. M, N.) The trial court denied both motions in an order dated May 1, 2007. (*See generally id.,* Ex. P.)

Petitioner filed the instant federal habeas corpus petition on August 19, 2008. The petition was originally filed

in the United States District Court for the Southern District of New York and was thereafter transferred to this court on February 5, 2009. Petitioner claims that he is being held in state custody in violation of his federal constitutional rights. On March 17, 2009, the court ordered petitioner to show cause why the petition should not be dismissed as time-barred. (ECF No. 4, Memorandum and Order, dated March 17, 2009.) Petitioner responded on April 16, 2009. (ECF No. 6, Petitioner's Affirmation ("Pet. Aff."), dated April 16, 2009.) On June 6, 2009, the court ordered respondent to respond to the petition. (ECF No. 7, Order, dated June 6, 2009.) Respondent filed a motion to dismiss the petition on September 11, 2009, (ECF No. 13, Resp. Mem.), and petitioner replied on October 27, 2009, (ECF No. 16, Response Affirmation to Notice of Motion to Dismiss Petition for Writ of Habeas Corpus ("Pet. Reply Aff."), dated Oct. 27, 2009).

## **DISCUSSION**

A petition for a writ of habeas corpus filed by a person in state custody is governed by, *inter alia*, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The AEDPA imposes a one-year statute of limitations for seeking federal habeas relief from a state court judgment. 28 U.S.C. § 2244(d)(1); *see Lawrence v. Florida*, 549 U.S. 327, 331 (2007); *Saunders v. Senkowski*, 587 F.3d 543, 546 (2d Cir. 2009); *Clark*

4

*v. Artus*, No. 09-CV-3577, 2010 U.S. Dist. LEXIS 33096, at *8 (E.D.N.Y. Apr. 1, 2010). Pursuant to the AEDPA, the limitation period runs

> from the latest of — (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1); *see also Clark*, 2010 U.S. Dist. LEXIS 33096, at *8-9. Because petitioner states no facts indicating that subsections (B)-(D) apply, the court will examine subsection (A).

The one-year limitation period may be tolled for statutory or equitable reasons. Pursuant to the AEDPA, the limitations period is tolled while a state prisoner seeks post-conviction relief in state court:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2); *see Lawrence*, 549 U.S. at 331; *Clark*, 2010 U.S. Dist. LEXIS 33096, at *9.

Furthermore, the one-year limitation period may be tolled for equitable reasons. *See Rodriguez v. Bennett*, 303 F.3d 435, 438 (2d Cir. 2002). "To be entitled to equitable tolling, [a petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence*, 549 U.S. at 336 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Smaldone v. Senkowski*, 273 F.3d 133, 138 (2d Cir. 2001) (holding that equitable tolling is only available when the petitioner is prevented from timely filing by circumstances beyond his control and acted with reasonable diligence throughout the period he seeks to toll). Equitable tolling is available only in "rare and exceptional circumstance[s], and where the petitioner demonstrate[s] a causal relationship between the extraordinary circumstances . . . and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding." *Bolarinwa v. Williams*, 593 F.3d 226, 231 (2d Cir. 2010) (internal quotation marks and citations omitted). "The term extraordinary does not refer to the uniqueness of the petitioner's circumstances, but rather how severe an obstacle it is for the prisoner endeavoring to comply

6

with AEDPA's limitations period." *Id.* at 231-32 (internal quotation marks and citations omitted). Further, petitioner has the burden to establish that he exercised reasonable diligence in discovering the factual predicate of his habeas claims. *See Shabazz v. Filion*, No. 02-CV-939, 2006 U.S. Dist. LEXIS 73356, at *15-16 (S.D.N.Y. Jan. 25, 2006) (collecting cases).

Here, petitioner's conviction became final on or about October 12, 2006, after he had exhausted his state appeals, and the 90-day period for seeking a writ of certiorari from the United States Supreme Court had expired. *Lawrence*, 549 U.S. at 333; *Williams v. Artuz,* 237 F.3d 147, 150-51 (2d Cir. 2001). Thus, he would have had until October 12, 2007 to file his petition.

The limitations period, thus, ran for nearly four months from October 12, 2006, the date his conviction became final, until February 9, 2007, the date on which he filed his C.P.L. § 440 motions and the statute was tolled. The limitations period remained statutorily tolled for approximately three months until the court denied petitioner's C.P.L. § 440 motions on May 1, 2007. 28 U.S.C. § 2244(d)(2). Because the limitations period commenced again on May 1, 2007, the petition should have been filed by December 2007, but petitioner did not file his petition until August 19, 2008, over seventh months past the expiration of the statute of limitations. *See, e.g.,*

7

*Doyle v. Yelich*, No. 05-CV-2750, 2005 U.S. Dist. LEXIS 22758, *6 (E.D.N.Y. Oct. 7, 2005) (dismissing § 2254 petition as time-barred where it was filed nine months after the statute of limitations had expired).

Petitioner does not dispute that his petition was not timely filed. Rather, petitioner's principal argument is that equitable tolling should apply because his trial counsel, Warren Landau of the Appellate Advocates, provided ineffective assistance of counsel by not advising petitioner that his application for leave to appeal to the New York Court of Appeals had been denied and by not advising petitioner that he had a right to file a writ of certiorari in the United States Supreme Court. (*See* ECF No. 6, Pet. Aff., at 2; *see also* ECF No. 16, Pet. Reply Aff.)

In response, respondent sets forth several arguments why equitable tolling should not apply to excuse petitioner's tardy filing: (1) that "*pro se* status, ignorance of the law and habeas corpus procedures, and lack of legal assistance are not extraordinary circumstances that would warrant equitable tolling"; (2) that there is no right to counsel when seeking a writ of certiorari; (3) that even if petitioner's appellate counsel had failed to give petitioner notice that his application for leave to appeal to the New York Court of Appeals had been denied, the failure would not support equitable

tolling; (4) that petitioner has not presented evidence that his appellate counsel had any obligation to petitioner after the conclusion of the direct appeal; and (5) that petitioner's incarceration at Riker's Island did not prevent him from filing a timely habeas corpus petition. (ECF. No. 13, Resp. Mem., at 8-10.) For the reasons set forth below, the court finds that petitioner has not established that the limitations period should be tolled for equitable reasons.

First, ignorance of the law by a *pro se* inmate does not constitute an extraordinary circumstance that warrants equitable tolling. *See, e.g., Bowman v. Walsh*, No. 07-CV-3586, 2007 U.S. Dist. LEXIS 71060, *4-5 (E.D.N.Y. Sept. 24, 2007) (citing cases). Accordingly, petitioner's argument that he did not know which "proceeding or procedure [was] next to file," (ECF No. 16, Pet. Reply Aff., at 5), does not support equitable tolling of the statute of limitations.

Second, there is no right to counsel when seeking a writ of certiorari. *Pena v. United States*, 529 F.3d 129, 130 (2d Cir. 2008) ("While the Supreme Court has interpreted the Constitution to provide criminal defendants the right to appointed counsel on first-tier appeals, including permissive ones, the Court has not found the right to exist with respect to certiorari review and other discretionary appeals.") (citations omitted). Because there is no right to counsel on such an

9

appeal, there also is no corresponding right to effective assistance of counsel. *Id.* Although petitioner argues that "appeallate [sic] counsel 'should' have filed 'writ of certiorari within 90-days,'" (ECF No. 16, Pet. Reply Aff., at 3), he provides no support for his view that his appellate counsel was obligated to do so. Petitioner could have filed an application for a writ of certiorari *pro se.* Indeed, petitioner is familiar with doing so, as he filed his C.P.L. § 440 motion to vacate the judgment of conviction and sentence *pro se* and acknowledged that he could have filed a writ of certiorari *pro se.* (*See generally* ECF No. 14, Lyons Decl., Exs. M, N; *see also* ECF No. 16, Pet. Reply Aff., at 6.) Accordingly, counsel's failure to file a writ of certiorari on petitioner's behalf does not support equitable tolling of the statute of limitations.

Third, equitable tolling is not triggered by an appellate lawyer's failure to inform his client that his application for leave to appeal has been denied. *See, e.g., McCowen v. Conway,* 07 CV 3316, 2008 U.S. Dist. LEXIS 109544, at *11-13 (E.D.N.Y. Jan. 10, 2008) (denying tolling of statute of limitations where attorney's delay in informing petitioner that the Court of Appeals had denied his leave to appeal was not "outrageous" or "incompetent"). Here, petitioner blames his appellate counsel for not telling him that the New York Court of Appeals had denied his application to appeal his conviction and

that he could file for a writ of certiorari in the United States Supreme Court within ninety days. Petitioner argues, "If appellate attorney would have notified petitioner that he filed a [sic] appeal of conviction to the Court of Appeals and was denied appeal[,] [t]hen petitioner would have asked attorney . . . What proceeding or procedure is next to file or petitioner would have researched for the proper procedure to file to Court, [w]hich in this matter, would be the Writ of Certiorari, within the 90-days." (ECF No. 16, Pl. Reply Aff., at 5.) However, petitioner does not allege how or when he learned that his application for leave to appeal to the New York Court of Appeals was denied. Further, even if his appellate counsel had failed to notify him that the New York Court of Appeals had denied leave to hear his appeal, that error would not support equitable tolling. *See, e.g., McCowen*, 2008 U.S. Dist. LEXIS 109544, at *11-13.[3]

Finally, petitioner appears to argue that the statute of limitations should be tolled because he was incarcerated when the Court of Appeals denied his motion for leave to appeal his conviction. (ECF No. 6, Pet. Aff., at 3.) In response, respondent argues that petitioner has not explained how his

---

[3] Petitioner argues that the Ohio Rules of Appellate Procedure support his argument that his counsel erred. However, because petitioner was convicted under the laws of New York, the Ohio cases he cites are inapplicable.

incarceration "prevented him from filing . . . a timely federal habeas petition. . . . In fact, petitioner filed his Section 440 motions on February 9, 2007, when he claims he was at Riker's Island." (ECF No. 13, Resp. Mem., at 10.) The court agrees. The fact that petitioner was incarcerated when his request for leave to appeal was denied and while the statute of limitations for filing his writ of habeas corpus ran is not a basis for equitable tolling. Quite the opposite, in order to file a writ of habeas corpus, a petitioner must be "in custody" at the time he files his petition. 28 U.S.C. § 2254(a).

Accordingly, the court finds that petitioner has failed to establish any basis to equitably toll the one-year statutory limitation period. Specifically, there is no indication that petitioner "diligently" pursued his rights or that any "extraordinary" circumstances prevented him from filing his petition within the one-year statutory limitation period.[4] Accordingly, respondent's motion to dismiss the petition as time-barred is granted.[5]

---

[4] That petitioner is "now" pursuing his "ineffective assistance of appellate counsel claim," (ECF No. 16, Pet. Reply Aff., at 5), is not sufficient to cure his failure to timely file his petition for a writ of habeas corpus.

[5] The court does not address petitioner's request that he be allowed to file a suit pursuant to 42 U.S.C. § 1983. (*See* ECF No. 6, Pet. Aff., at 3.) If petitioner wishes to file a § 1983 suit, he may do so.

## CONCLUSION

For the foregoing reasons, Willie Sumpter's petition pursuant to 28 U.S.C. § 2254 for a writ of habeas corpus is dismissed in its entirety as time-barred. The Clerk of the Court is respectfully requested to enter judgment in favor of respondent, close this case and serve a copy of this Order on all parties, including mailing a copy of this Order to the *pro se* petitioner and note such mailing on the docket.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure and 28 U.S.C. § 2253(c)(2), a certificate of appealability will not issue because petitioner has not made a "substantial showing" of a denial of a constitutional right. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Petitioner has a right to seek a certificate of appealability from the United States Court of Appeals for the Second Circuit. *See* 28 U.S.C. § 2253.

**SO ORDERED.**

**Dated**: Brooklyn, New York
January 5, 2011

_____/s/_____
**KIYO A. MATSUMOTO**
United States District Judge
Eastern District of New York

13