```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
WILLIE SUMPTER,

                Petitioner,                MEMORANDUM & ORDER

     - against -                           09-CV-00689 (KAM)

SUPERINTENDENT L. SEARS,
Ogdensburg Correctional Facility,

                Respondent.
----------------------------------X
```

**MATSUMOTO, United States District Judge:**

Presently before the court is *pro se* petitioner Willie Sumpter's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on remand from the Second Circuit. For the reasons set forth below, the petition for a writ of habeas corpus is once again dismissed in its entirety as time-barred.

## BACKGROUND

On January 5, 2011, the court dismissed Mr. Sumpter's petition for a writ of habeas corpus as time-barred. (*See* ECF No. 21, Memorandum & Order ("Mem.").)[1] Specifically, the court found that petitioner failed to file his petition within the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") for seeking federal habeas relief from a state court judgment. (Mem. at 7-

---

[1] Familiarity with the facts and prior opinion of this court in this matter is presumed and only the background relevant to this opinion is set forth below.

8); *see* 28 U.S.C. § 2244(d)(1). Petitioner's conviction became final on or about October 12, 2006, and the limitations period ran for 120 days, or approximately four months, until February 9, 2007, the date on which petitioner filed *pro se* motions under N.Y. C.P.L. §§ 440.10 and 440.20 to vacate the judgment of conviction and sentence (the "440 Motions"), which statutorily tolled the limitations period. (Mem. at 7.) On May 1, 2007, the trial court denied petitioner's 440 Motions, and the limitations period commenced once again. (*Id.*) Because the court found that the petition should have been filed by January 1, 2008, approximately eight months after the 440 Motions had been denied, and the petition was not filed until August 19, 2008, this court dismissed the petition as time-barred. (*Id.*) In addition, the court found that petitioner had failed to establish any basis to equitably toll the one-year statutory limitation period. (*Id.* at 12.)

On January 31, 2011, petitioner filed a notice of appeal. (ECF No. 23, Notice of Appeal). On September 2, 2011, the Second Circuit issued a mandate vacating this court's dismissal of the petition and remanding for a determination of when petitioner was served with a copy of the order denying the 440 Motions and its effect on the timeliness of his petition pursuant to 28 U.S.C. § 2244(d)(2). (ECF No. 25, Mandate at 2.)

2

Although petitioner did not dispute that his petition was untimely (*see* Mem. at 8) and never raised the issue of when or whether he received notice that the 440 Motions had been denied, in accordance with the Second Circuit's mandate, on September 15, 2011, the court ordered that petitioner and respondent submit affidavits by October 14, 2011 regarding the date petitioner received notice that the 440 Motions had been denied.  (Order dated September 15, 2011.)  Petitioner had been paroled by the time of the court's September 15, 2011 Order and was served with the court's order on September 30, 2011 at his last known address.  (ECF No. 28, Letter re Petitioner's Change of Address.)

On October 17, 2011, because the court had not received affidavits from either party, the court ordered the respondent to make diligent efforts to ascertain petitioner's current address and to serve another copy of the court's September 15, 2011 Order on petitioner.  (Order dated October 17, 2011.)  In addition, the court ordered that by November 9, 2011, petitioner must either file an affidavit regarding when he received notice that the 440 Motions were denied or file a letter indicating that he does not wish to proceed with his petition and consenting to dismissal.  (*Id.*)  The court warned petitioner that if he failed to make either of these

3

submissions, the court may dismiss his petition for "failure to prosecute and/or follow court orders." (*Id.*)

On October 18, 2011, respondent filed an affidavit with supporting documentation establishing that petitioner was served with a copy of the May 1, 2007 Order denying the 440 Motions on May 11, 2007, and that there is no record of petitioner seeking leave to appeal the May 1, 2007 Order. (ECF No. 29, Affidavit/Affirmation of Paul Lyons ¶¶ 5-6.) On October 19, 2011, respondent also filed a letter informing the court that petitioner was discharged from Riverview Correctional Facility on his "maximum expiration date" of July 3, 2011, and that petitioner is not currently under parole supervision. (ECF No. 30, Letter from Respondent in Response to October 17, 2011 Order.) Finally, on October 20, 2011, respondent served petitioner with this court's September 15, 2011 and October 17, 2011 Orders at Riverview Correctional Facility and petitioner's last known address. (ECF No. 31, Notice of Entry of Orders.) To date, the court has not received any correspondence from petitioner.

## **DISCUSSION**

The AEDPA one-year statute of limitations begins to run on the date on which Mr. Sumpter's state conviction became final, which was October 12, 2006. *See Saunders v. Senkowski*, 587 F.3d 543, 548 (2d Cir. 2009) (citing 28 U.S.C.

4

§ 2244(d)(1)(A)). "The statute provides that the limitations period shall be tolled for the time 'during which a *properly filed* application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim *is pending*.'"  *Id.* (emphases in original) (quoting 28 U.S.C. § 2244(d)(2)) The Second Circuit has held that "a state court motion for collateral review (such as a § 440 motion) is 'pending' for purposes of 28 U.S.C. § 2244(d)(2) 'from the time it is first filed until finally disposed of and further appellate review is unavailable under the particular state's procedures.'"  (Mandate at 1 (quoting *Bennett v. Artuz*, 199 F.3d 116, 120 (2d Cir. 1999)).)

Mr. Sumpter properly filed motions for collateral review under N.Y. C.P.L. §§ 440.10 and 440.20, which were denied on May 1, 2007.  "New York law requires that a person who wishes to appeal the denial of a C.P.L. [§] 440.10 motion to vacate a judgment [or a § 440.20 motion to set aside the sentence] make an application for a certificate granting leave to appeal to the intermediate appellate court within thirty days after service upon the defendant of a copy of the order sought to be appealed."  *Cruz v. McGinnis*, No. 11-CV-3442 (JG), 2011 U.S. Dist. LEXIS 134934, at *17-18 (E.D.N.Y. Nov. 22, 2011) (quoting *Wedra v. Lefevre*, 988 F.2d 334, 339 (2d Cir. 1993)); *Collins v. Artus*, 496 F. Supp. 2d 305, 313 n.6 (S.D.N.Y. 2007); *see* N.Y.

5

C.P.L. §§ 450.15, 460.10(4)(a), 460.15. Here, the Queens County District Attorney's Office served petitioner on May 11, 2007 by mailing him a copy of the May 1, 2007 Order denying his 440 Motions. (Affidavit/Affirmation of Paul Lyons ¶ 5, Ex. Q.) Even if the court grants petitioner an additional calendar week, or seven days, because service of the May 1, 2007 Order was effected by mail while petitioner was in prison, a circumstance that may have delayed his receipt of the May 1, 2007 Order, petitioner had until June 18, 2007[2] to seek a certificate granting leave to appeal the denial of his 440 Motions. *See* Fed. R. Civ. P. 6(d) (adding three days to the period within which a party must act after service is made by mailing pursuant to Fed. R. Civ. P. 5(b)(2)(C)). The New York Appellate Division, however, has no record of petitioner seeking leave to appeal. (Affidavit/Affirmation of Paul Lyons ¶ 6.)

"[A] § 440.10 motion is 'pending' for purposes of AEDPA at least from the time it is filed through the time in which the petitioner *could file* an application for a certificate for leave to appeal . . . ." *Saunders*, 587 F.3d at 548 (emphasis added) (citing *Bennett*, 199 F.3d at 120). Based on the above, because petitioner could have filed an application for a certificate for leave to appeal until June 18, 2007,

---

[2] Because 37 days after May 11, 2007 falls on June 17, 2007, a Sunday, the court extends the date to the next business day, June 18, 2007, a Monday.

6

AEDPA's one-year statute of limitations was statutorily tolled between February 9, 2007, the date on which petitioner filed the 440 Motions, and June 18, 2007. As the court previously found, the limitations period ran for 120 days between the date petitioner's conviction became final, October 12, 2006, and the filing of the 440 Motions on February 9, 2007. Petitioner thus had until February 18, 2008, or 245 days after June 18, 2007, to file his habeas petition. Petitioner, however, did not file his petition until August 19, 2008, more than six months after the expiration of the limitations period, and the petition must once again be dismissed in its entirety as time-barred.

Alternatively, the court dismisses the petition under Federal Rule of Civil Procedure 41(b) for petitioner's failure to prosecute and comply with the court's orders. *Rosa v. Napoli*, No. 9:09-CV-00687 (TJM), 2011 U.S. Dist. LEXIS 140727, at *5-6 (N.D.N.Y Dec. 7, 2011) (dismissing 28 U.S.C. § 2254 habeas petition pursuant to Rule 41(b) for failure to prosecute and for failure to obey the court's orders); *Lowmack v. Napoli*, No. 07-CV-0200(RJA)(VEB), 2011 U.S. Dist. LEXIS 44302, at *9-10 (W.D.N.Y. Apr. 5, 2011) (same); *see also LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) ("[I]t is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." (citation omitted)). The court twice ordered

7

petitioner to file an affidavit regarding when he received notice that his 440 Motions were denied (*see* Orders dated September 15, 2011 and October 17, 2011), and petitioner was served with copies of these Orders on October 20, 2011 (*see* ECF No. 31, Notice of Entry of Orders).  In addition, the court warned petitioner that a failure to make any submission may result in dismissal "for failure to prosecute and/or follow court orders."  (Order dated October 17, 2011.)  Petitioner's repeated failure to comply with the court's orders indicates that he no longer wishes to pursue his petition against respondent.  Accordingly, the court dismisses the petition for petitioner's failure to prosecute and comply with the court's September 15, 2011 and October 17, 2011 Orders.

## CONCLUSION

For the foregoing reasons, Mr. Sumpter's petition pursuant to 28 U.S.C. § 2254 for a writ of habeas corpus is dismissed in its entirety as time-barred, or in the alternative, for petitioner's failure to prosecute and comply with the court's orders pursuant to Federal Rule of Civil Procedure 41(b).  The Clerk of the Court is respectfully requested to enter judgment in favor of respondent, close this case, and serve a copy of this Order on all parties, including mailing a copy of this Order to the *pro se* petitioner at his last

8

known address, 275 Lincoln Avenue, Brooklyn, New York 11208, and note such mailing on the docket.

**SO ORDERED.**

**Dated:** Brooklyn, New York
January 12, 2012

/s/
**KIYO A. MATSUMOTO**
United States District Judge
Eastern District of New York

9